Jeremy D. Frey
Michael T. Pidgeon
PEPPER HAMILTON LLP
Suite 400
301 Carnegie Center
Princeton, New Jersey  08543-5276
Phone:  (609) 452-0808
Fax:  (609) 452-1147

*Attorneys for Plaintiff*
*James E. Parker, Sr.*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| JAMES E. PARKER, SR.<br><br>      Plaintiff,<br><br>    -v-<br><br>CUMBERLAND COUNTY DEPARTMENT OF CORRECTIONS, COUNTY OF CUMBERLAND, CFG HEALTH SYSTEMS, LLC, DARLENE COCHRAN, individually and in her official capacity, TASHA THOMAS, individually and in her official capacity, ABC CORPORATIONS (1-5), JOHN DOES (1-10), individually and in their official capacity,<br><br>      Defendants. | CIVIL ACTION NO. 08-6242-RBK-AMD<br><br>**SECOND AMENDED COMPLAINT** |

  Plaintiff, James E. Parker, Sr. ("Plaintiff") by way of complaint against Defendants Cumberland County Department of Corrections, County of Cumberland, CFG Health Systems, LLC, Darlene Cochran, Tasha Thomas, ABC Corporations (1-5) and John Does (1-10) hereby alleges and says as follows:

-1-

## PARTIES

1. Plaintiff is a private citizen of the United States and is currently an inmate at Bayside State Prison in Leesburg, New Jersey.

2. At all relevant times, Plaintiff was serving a custodial sentence imposed by the Superior Court of New Jersey and was an inmate at the Cumberland County Jail, 54 West Broad Street, Bridgeton, New Jersey ("Bridgeton Facility"), which was operated and maintained by Defendant Cumberland County Department of Corrections.

3. At all relevant times, Defendant CFG Health Systems. ("CFG") was a limited liability company with a current address of 765 East Route 70, Building A-101, Marlton NJ 08053.

4. CFG was under contract with County of Cumberland and/or Cumberland County Department of Corrections to provide inmate medical care and treatment at the Bridgeton Facility.

5. At all relevant times, Defendant Darlene Cochran was a nurse and an employee of Defendant Cumberland County Department of Corrections and/or County of Cumberland.

6. At all relevant times, Defendant Tasha Thomas was a nurse and an employee of Defendant Cumberland County Department of Corrections and/or County of Cumberland.

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over the Defendants because they live or work in New Jersey, are a governmental entity located in New Jersey, or are a business entity conducting business in New Jersey. In addition, the events, acts, and occurrences giving rise to this cause of action occurred entirely or substantially within New Jersey.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C.A §§ 1331 and 1343, and supplemental jurisdiction under 28 U.S.C.A. § 1367(a).

9. Venue is proper in this District pursuant to 28 U.S.C.A. § 1391 because Plaintiff's claims arise from actions that took place at the Bridgeton Facility, which is located within this District.

## BACKGROUND

10. While an inmate in custody at the Bridgeton Facility, on or around late September 2007 Plaintiff first noticed a boil and tenderness on his inner left thigh, which he believed might be a dangerous and contagious bacterial staph infection known as MRSA (clinically known as Meticillin-Resistant Staphylococcus Areus). MRSA is a virulent strain of staph that is resistant to broad spectrum antibiotics, and that can be fatal if not promptly and properly treated.

11. Plaintiff was then aware of the symptoms of MRSA from educational health materials provided to him and other inmates. Plaintiff was also then aware that if not promptly and adequately treated, MRSA can be a life-threatening infection.

12. As a result, Plaintiff immediately sought to bring the fact of his suspected MRSA infection to the attention of medical personnel at the Bridgeton Facility, including defendants Cochran and Thomas, so that his condition could be promptly diagnosed and treated as appropriate.

13. Finally, on October 1, 2007, a nurse at the Bridgeton Facility evaluated Plaintiff's inner left thigh and noted the severe swelling. She advised Plaintiff that his condition required medical attention by a physician, which was not scheduled for two more days.

14. Despite his repeated requests and need for proper medical care and treatment to address a serious medical condition, Plaintiff was denied access to proper medical care and treatment during this period of time.

15. For the first time since Plaintiff observed and reported his symptoms of MRSA, on October 3, 2007 Plaintiff was finally seen by a physician at the Bridgeton Facility. In the interim, his infection had worsened and the painful swelling of his left leg had become more severe.

16. Plaintiff was denied medical care between October 1, 2007 and October 3, 2007, the time between first seeing a nurse and seeing a doctor.

17. By October 3, 2007, Plaintiff's infection had created an abscess that was very large and covered a 10 to 12 inch area of Plaintiff's inner left thigh.

18. On October 3, 2007, the Bridgeton Facility physician diagnosed Plaintiff with an abscess and cellulitis of the thigh, prescribed medication and ordered him to be sent to the emergency room at a nearby medical facility for incision and drainage. Cellulitis is a more generic medical term commonly used to describe forms of skin infections caused by various bacteria, including strains of strept and staph bacteria.

19. On October 4, 2007, Plaintiff was admitted to the Bridgeton Health Center Emergency Department. Plaintiff's body temperature was elevated and he was diagnosed with cellulitis. Antibiotics and pain medication were prescribed.

20. On October 5, 2007, Plaintiff was re-evaluated and sent to the South Jersey Healthcare Regional Medical Emergency Department in Vineland, New Jersey. The inflammation had increased, and the infection worsened.

21. On October 6, 2007, Plaintiff was admitted to the South Jersey Healthcare Regional Medical Center for failure of the infection to resolve.

22. On October 8, 2007, due to all the delay in his medical care and treatment while at the Bridgeton Facility, Plaintiff had to undergo a surgical procedure to cut out the infected tissue from his now grossly swollen leg.

23. After the surgery, which removed a substantial amount of tissue and muscle from his left leg, a pathology report from October 9, 2007 confirmed that Plaintiff had indeed contracted MRSA.

24. Plaintiff's recovery was slow, painful and only partial. Over the course of eight days until about October 16, 2007, Plaintiff remained as an in-patient at South Jersey Healthcare Regional Medical Center, where he received needed medical care and treatment for his condition.

25. After about eight days as an in-patient at South Jersey Healthcare Regional Medical Center, on about October 16, 2007 Plaintiff was transferred and admitted to the South Jersey Extended Care/Bridgeton Nursing Home. His condition required that he receive additional medical care, treatment and rehabilitation at this facility for approximately two more months.

26. On about December 7, 2007, Plaintiff was returned to the Bridgeton Facility, where he continued to receive additional medical care and treatment for his condition for about 51 more days.

27. Since the onset of this MRSA infection, Plaintiff has been and remains in constant pain. As a result of this infection and the surgery, Plaintiff has required and likely will require pain medication for the rest of his life. As a result of this infection and the surgery,

Plaintiff has trouble standing for more than 30 to 60 minutes, and walks with a limp. As a result of this infection and the surgery, his ability to work is restricted. As a result of this infection and the surgery, he has large scar on his left inner thigh, mental anxiety and distress.

**COUNT I – DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS (42 U.S.C.A. §1983) (AS TO DEFENDANTS CFG HEALTH SYSTEMS, LLC, COCHRAN, INDIVIDUALLY, THOMAS, INDIVIDUALLY, ABC CORPORATIONS (1-5) AND JOHN DOES (1-10))**

28. Plaintiff repeats each and every prior allegation of the amended complaint and incorporates the same by reference as if set forth at length herein.

29. Plaintiff suffered from an obvious and serious medical condition in the form of the boil on his leg that was a symptom of MRSA.

30. Plaintiff made reasonable requests of Defendants for medical care and treatment.

31. Defendants failed to provide adequate or timely medical care and treatment.

32. Defendants knew of the Plaintiff's need for medical care and treatment to address his symptoms and condition, and yet acted with deliberate indifference when they refused to and delayed in providing that medical care and treatment for a non-medical reason.

33. Defendants' actions directly caused him undue suffering and tangible residual injury.

34. Defendants' actions were performed under the color of state law.

35. Defendants' actions described herein constitute a deliberate indifference to Plaintiff's constitutional right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments.

36. As a direct and proximate result of defendants' deliberate indifference to Plaintiff's constitutional rights, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment in his favor and against defendants for the following relief:

    a. compensatory damages;

    b. consequential damages;

    c. punitive damages;

    d. reasonable attorney's fees and costs; and

    e. such other such relief as the Court deems just and proper.

**COUNT II – DELIBERATE INDIFFERENCE TO PLAINTIFF'S CONDITIONS OF CONFINEMENT (42 U.S.C.A. §1983)(AS TO DEFENDANTS CUMBERLAND COUNTY DEPARTMENT OF CORRECTIONS, ABC CORPORATIONS (1-5) AND JOHN DOES (1-10))**

37. Plaintiff repeats each and every prior allegation of the amended complaint and incorporates the same by reference as if set forth at length herein.

38. At all relevant times, Defendants, as part of a policy, practice and custom, was deliberately indifferent that there were unsanitary conditions that promoted the spread of MRSA at the Bridgeton Facility, and did not take adequate measures to prevent and correct such unsanitary conditions, which resulted in the Plaintiff being exposed to and infected with MRSA.

39. For example, as an inmate, Plaintiff was required to wear a jumpsuit provided by the Bridgeton Facility.

40. At all relevant times, on information and belief Plaintiff was subjected to the unsanitary practice of being required to put on and wear jumpsuits that had not been

properly laundered because the temperature of the water used in washing such jumpsuits at the Bridgeton Facility was not hot enough to prevent Plaintiff from being exposed to MRSA.

41. Also at all relevant times, Plaintiff was subjected to the unsanitary practice of being required to put on and wear jumpsuits that were damp and wet.

42. The inadequately laundered and dried jumpsuits that Plaintiff was supplied and required to wear was among the unsanitary conditions at the Bridgeton Facility that promoted the spread of MRSA and the infection of the Plaintiff with MRSA.

43. Additionally, for example, Plaintiff and other inmates at the Bridgeton Facility were required to assist in cleaning and sanitizing areas in and around their assigned cells. Defendant, however, failed to provide adequate agents, antiseptics and tools for such purposes, and thereby did not take adequate measures to prevent and correct unsanitary conditions that promoted the spread of MRSA and resulted in the Plaintiff being exposed to and infected with MRSA.

44. Further, for example, Defendant subjected the Plaintiff to unsanitary conditions at the Bridgeton Facility when it failed to provide adequate access by inmates to alcohol-based hand sanitizing agents in inmate housing areas.

45. Prior to Plaintiff's exposure to and infection with MRSA in the fall of 2007, Defendant had also previously allowed unsanitary conditions to exist at the Bridgeton Facility that promoted the spread of MRSA and the exposure of inmates to MRSA.

46. These actions deprived Plaintiff of the minimal civilized measure of life's necessities.

47. Defendant's actions constitute a deliberate indifference to Plaintiff's constitutional right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments.

48. Defendant's actions were performed under color of state law.

49. As a direct and proximate result of Defendant's deliberate indifference to Plaintiff's constitutional rights, Plaintiff was damaged.

50. **WHEREFORE**, Plaintiff demands judgment in its favor and against defendants for the following relief:

    a. compensatory damages;

    b. consequential damages;

    c. punitive damages;

    d. attorney's fees and costs of suit; and

    e. such other such relief as the Court deems just and proper.

### COUNT III – NEGLIGENCE (AS TO ALL DEFENDANTS)

51. Plaintiff repeats each and every prior allegation of the amended complaint and incorporates the same by reference as if set forth at length herein.

52. Defendants had a duty of care with respect to Plaintiff because of their positions as responsible for, and a provider of, medical care and treatment to him.

53. Defendants breached this duty by failing to provide timely and adequate medical care and treatment when Plaintiff first brought to their attention that he had symptoms of a MRSA infection and by failing to provide a doctor between October 1, 2007 and October 3, 2007.

54. Defendants also breached this duty when they failed to fully inform Plaintiff of the risk of exposure to and infection with MRSA, subjected him to unsanitary conditions that failed to prevent said exposure and infection, failed to put adequate procedures and policies in place to minimize the risk of said exposure and infection, and were otherwise negligent.

55. As a direct and proximate result of the defendants' negligent conduct, Plaintiff was damaged.

**WHEREFORE**, Plaintiff demands judgment in its favor and against defendants for the following relief:

a. compensatory damages;

b. consequential damages;

c. punitive damages;

d. attorney's fees and costs of suit; and

e. such other such relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on each issue triable thereby.

## NOTICE OF OTHER ACTIONS PURSUANT TO L.CIV.R. 11.2

The undersigned hereby certifies that the matter in controversy is not the subject of any other action or proceeding in any court or of a pending arbitration proceeding, and that no other action or arbitration proceeding is contemplated. I do not currently know of any other parties who should be joined in this action.

## CERTIFICATION OF NON-ARBITRABILITY UNDER L.CIV.R. 201.1

The undersigned hereby certifies that this action is based on an alleged violation of a right secured by the Constitution of the United States, and thus not eligible for arbitration under L. Civ.R. 201.1(d)(2)(A).

Respectfully submitted,

By:    s/Michael T. Pidgeon
        Jeremy D. Frey
        Michael T. Pidgeon
        **PEPPER HAMILTON LLP**
        A Pennsylvania LLP
        Suite 400
        301 Carnegie Center
        Princeton, NJ  08543
        (609) 452-0808

        Attorneys for Plaintiff James E. Parker, Sr.